**SO ORDERED.**

**DONE and SIGNED March 13, 2019.**



_____
**JOHN S. HODGE
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case Number: 19-10027 |
| | § | |
| Mark Wayne Grigsby | § | Chapter 13 |
| Darita Lashon Grigsby | § | |
| | § | |
| Debtors | § | |

### Order Converting Case to Chapter 13
### and Denying Motion to Dismiss filed by Debtors

Before the Court are three motions: (1) a Motion for Conversion of Case to Case under Chapter 7 or to Dismiss Case with Sanction Under 11 U.S.C. § 105(a) (Doc. 26) filed by party-in-interest and creditor Lake Pointe Place Homeowners Association, Inc. ("**Lake Pointe**") (the "**Lake Pointe Motion**"); (2) a Motion to Dismiss Case with Sanctions, or, in the Alternative Motion to Convert the Case to a Chapter 7 (Doc. 32)

filed by secured creditor Barksdale Federal Credit Union ("**BFCU**") (the "**BFCU Motion**"); and (3) a Motion to Dismiss Case (Doc. 19) filed by joint debtors Mark Wayne Grigsby and Darita Lashon Grigsby (collectively "**Debtors**") (the **"Debtors' Motion"**).

The Lake Pointe Motion and the BFCU Motion were filed in accordance with 11 USC § 1307(c) seeking, among other things, to convert this case to a case under Chapter 7 of the Bankruptcy Code (Title 11 of the United States Code.). For the reasons set forth in the Memorandum of Decision, the Court finds, after notice and a hearing, that Lake Pointe Motion and the BFCU Motion should be **GRANTED** *insofar, and only insofar*, as they seek conversion this bankruptcy case to one filed under Chapter 7 of the Bankruptcy Code. The Debtor's Motion is **DENIED**.

Accordingly,

**IT IS ORDERED THAT**:

1. This Chapter 13 case is hereby converted to a case under Chapter 7.

2. The Chapter 13 trustee within 30 days of the date of this order shall file an accounting of all receipts and distributions made, together with a schedule of all unpaid debts incurred after the commencement of the Chapter 13 case, as required by Bankruptcy Rule 1019(5).

3. Debtors within 14 days of the date of this order shall file the statements and schedules required by Bankruptcy Rule 1019(1)(A) and 1007(c), if such documents have not already been filed.

4. Debtors shall file within 30 days of the date of this order a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 USC § 521(a)(2)(A), and Bankruptcy Rule 1019(1)(B), and conforming to Official Form B 108.

5. The Lake Pointe Motion and the BFCU Motion are hereby **GRANTED** *insofar, and only insofar*, as they seek conversion this bankruptcy case to one filed under Chapter 7 of the Bankruptcy Code.

6. The Debtor's Motion is **DENIED**.

###